UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LARONZO MURPHY,

                    Petitioner,

        v.

JEFFREY A UTTECHT,

                    Respondent.

Case No. C19-1124-RBL-TLF

ORDER TO SHOW CAUSE

Petitioner Laronzo Murphy, who is proceeding *pro se*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Dkt. 5. Petitioner challenges his April 12, 2013, conviction and sentence for Robbery in the First Degree, Assault in the Second Degree, and Possession of a Controlled Substance with Intent to Deliver. *Id*. The petition has not been served on respondent.

Under Rule 4 of the rules governing § 2254 petitions, the Court must promptly examine a habeas petition when it is filed, and if it plainly appears from the petition and its attachments the petitioner is not entitled to relief, the Court must dismiss the petition.

The Court concludes that petitioner's federal habeas petition—on its face—is subject to dismissal due to a failure to exhaust state court remedies. Petitioner indicates he appealed his state court conviction and sentence on different grounds than those raised in the instant petition[1] and that the Washington Court of Appeals affirmed his conviction and sentence in part and

---

[1] Petitioner indicates that on direct appeal he raised the issues of "double jeopardy, miscalculation of points at sentencing, improper jury instruction, ineffective assistance of counsel, overly broad search warrant, and violation of constitutional rights to properly defendant myself." Dkt. 5, at 2.

reversed in part.[2] Dkt. 5, at 1-5. He indicates he did not appeal further to the Washington Supreme Court. *Id.* It appears petitioner was re-sentenced in Clark County Superior Court on April 27, 2015, and that petitioner filed another appeal on May 6, 2015. However, review of the appeal was terminated on July 13, 2016, and the appeal marked disposed and the Court of Appeals mandate issued on January 5, 2017.[3]

In his petition, petitioner contends his federal constitutional rights were violated under the Fifth and Thirteenth Amendment because he was not charged by Grand Jury Indictment. Dkt. 5, at 5-12. Petitioner indicates that he has not raised the grounds for relief raised in the instant petition in state court either on direct appeal or on a petition for collateral relief. He indicates he does not intend to bring his claims to the state courts—state courts would never have the opportunity to consider the habeas claims raised in his federal petition—asserting that the state courts lack jurisdiction over issues that are raised under the United States Constitution.[4] Dkt. 5, at 5-12. However, the exhaustion of state court remedies is a prerequisite to granting a petition for writ of habeas corpus. *See* 28 U.S.C. § 2254(b)(1).

---

[2] The Court takes judicial notice of the Washington Court of Appeals decision *State v. Murphy*, 185 Wash.App. 1043 (2015) (unpublished) which affirmed petitioner's first degree robbery conviction but vacated his sentence for that crime and further vacated his second degree assault conviction with associated firearm sentencing enhancement, and vacated his conviction for possession of marijuana with intent to deliver and the associated school bus route stop sentencing enhancement. *see Burbank–Glendale–Pasadena Airport Auth. v. City of Burbank*, 136 F.3d 1360, 1364 (9th Cir. 1998) (court may take judicial notice of court filings and other matters of public record, as such documents "are not subject to reasonable dispute").

[3] The Court takes judicial notice of Clark County Superior Court case *State v. Murphy*, Case No. 12-1-01393-4, *located at* https://odysseyportal.courts.wa.gov/ODYPORTAL/Home/WorkspaceMode?p=0 (last accessed Oct. 28, 2019), the Washington Court of Appeals Cases *State v. Murphy*, Case Nos. 447631-1-II and 475618-8-II located at https://dw.courts.wa.gov (last accessed Oct. 28, 2019), and the Washington Court of Appeals decision *State v. Murphy*, 185 Wash.App. 1043 (2015) (unpublished).

[4] The Court notes that in the box labeled item 13(a) of the petition the petitioner checked "yes" in response to the question of whether all grounds for relief raised in the petition have been presented to the highest state court having jurisdiction. Dkt. 5, at 12. The Court interprets this as a typographical or scrivenor's error, because petitioner makes clear in his explanation to the question that "**no grounds herein have been raised at the state level**, as the state has no jurisdictional authority over federal constitutional matters." *Id.* (emphasis added).

Furthermore, because it appears to have been more than a year since the Court of Appeals issued its mandate, petitioner's habeas claims may now be procedurally defaulted in the Washington state courts, and if he attempts to present them in a state court challenge at this time, the claims would be denied. The Court therefore orders the petitioner to show cause why the Court should not dismiss this federal habeas corpus petition as unexhausted and procedurally defaulted.

## DISCUSSION

A state prisoner is required to exhaust all state court remedies, by fairly presenting claims of violation of federal rights before the state courts, before seeking a writ of habeas corpus. 28 U.S.C. § 2254(b)(1). The exhaustion requirement is a matter of comity, intended to afford the state courts the "initial opportunity to pass upon and correct alleged violations of its prisoners' *federal* rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (emphasis added). This is appropriate, because "state courts, like federal courts, are obliged to enforce federal law." *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999). To exhaust their federal claims, a would-be habeas petitioner must finish "one complete round of the State's established appellate review process," up to the highest state court with powers of discretionary review. *Id.*, 845.

A federal court must dismiss a federal habeas corpus petition if its claims are unexhausted. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). This Court has the *sua sponte* authority to examine the question of exhaustion at this stage of review. *Campbell v. Crist*, 647 F.2d 956, 957 (9th Cir. 1981) ("This court may consider whether state remedies have been exhausted even if the state does not raise the issue").

Petitioner must raise the grounds for relief contained in his habeas petition to the Washington Court of Appeals and Washington Supreme Court. Petitioner contends he has not

presented his grounds for relief to the state courts because the state courts lack the "jurisdictional authority to decide on United States Constitution matters, which are outside of its jurisdictional or statutory governing limits." Dkt. 5, at 5-12. This argument fails, because 28 U.S.C. § 2254(b)(1) recognizes the jurisdiction of state courts to adjudicate constitutional issues. Federal habeas relief is available to address where the state court's adjudication was "contrary to, or an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

As the petition states, petitioner has not properly exhausted his claims for relief in the state courts. Even if the petitioner believes it would be futile to argue his Constitutional claims to the state courts, "the apparent futility of presenting claims to state courts does not constitute cause of procedural default." *Roberts v. Arave*, 847 F.2d 528, 530 (9th Cir. 1988). Petitioner acknowledges he has not presented the claims raised in his petition to the highest state court and it would appear his petition is not eligible for federal habeas review. Dkt. 5, at 1-12.

In addition, because it has been more than one year since the Court of Appeals issued its mandate, it appears that petitioner's habeas claims may be procedurally defaulted in the State of Washington and if he attempts to present them in a state court challenge at this time, his claims would be denied. Per RCW 10.73.090, any collateral challenges filed after the judgment and sentence becomes final and the one-year statute of limitations runs out are barred. Thus, petitioner's claims would not be cognizable in federal court and must be dismissed absent a showing of cause and prejudice or actual innocence.

Unless it would result in a "fundamental miscarriage of justice," a petitioner who procedurally defaults may receive review of the defaulted claims only if he demonstrates "cause" for his procedural default and "actual prejudice" stemming from the alleged errors. *Coleman v.*

*Thompson*, 501 U.S. at 750. The petitioner must show an objective factor actually caused the failure to properly exhaust a claim. Interference by state officials, the unavailability of the legal or factual basis for a claim, or constitutionally ineffective assistance of counsel may constitute cause. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). A petitioner's own inadequacies are not sufficient cause to excuse a procedural default. *Hughes v. Idaho State Bd. of Corrections*, 800 F.2d 905, 907-09 (9th Cir. 1986); *Thomas v. Lewis*, 945 F.2d 1119 (9th Cir. 1991).

"[I]n an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default." *Wood v. Hall*, 130 F.3d 373, 379 (9th Cir. 1997) (quoting *Murray v. Carrier*, 477 U.S. at 496). "To meet this manifest injustice exception, [the petitioner] must demonstrate more than that 'a reasonable doubt exists in the light of the new evidence.'" *Wood*, 130 F.3d at 379 (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). "[T]he petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Schlup*, 513 U.S. at 327. "[T]he miscarriage of justice exception is concerned with actual as compared to legal innocence." *Calderon v. Thompson*, 523 U.S. 538, 559 (1998) (citation omitted).

Therefore, petitioner must demonstrate cause (such as an objective external factor outside his control that excused his procedural default) and prejudice (an error of constitutional proportions that infected his whole trial), or evidence of actual innocence. If he cannot do so, his federal claims are not cognizable in this Court and are subject to dismissal with prejudice.

ORDER

Based on the foregoing discussion, the Court finds that this petition appears to be ineligible for federal habeas review. The Court **orders the petitioner to show cause** in writing why the petition should not be dismissed. Petitioner must show cause by **November 29, 2019**. The failure to file a timely response may result in the dismissal of this matter with prejudice.

The Clerk is directed to provide copies of this order to petitioner.

Dated this 29th day of October, 2019.


Theresa L. Fricke
United States Magistrate Judge