1

2

3

4

5

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

6

7

8

9

10

LARONZO MURPHY,

                              Petitioner,

        v.

JEFFREY A UTTECHT,

                              Respondent.

Case No. C19-1124-RBL-TLF

REPORT AND
RECOMMENDATION

Noted for February 7, 2020

11    Petitioner Laronzo Murphy, proceeding *pro se*, filed this federal habeas action on

12  June 17, 2019. *See* Dkts. 1, 5. After reviewing the petition, the Court declined to serve

13  the petition, but gave petitioner an opportunity to show cause why this case should not

14  be dismissed for failure to exhaust state court remedies. *See* Dkt. 8. Petitioner was

15  ordered to show cause on or before November 29, 2019. *Id.* The Court warned

16  petitioner that failure to respond to the Court's order would result in the Court

17  recommending dismissal of this action. *Id.*

18    Petitioner has failed to comply with the Court's Order. He has not filed a

19  response to the order. Accordingly, the Court recommends dismissal of this action

20  without prejudice for failure to comply with a Court order. Additionally, the Court

21  recommends dismissal of the action for failure to exhaust state court remedies. And, for

22  the reasons set forth below, the Court should deny issuance of a certificate of

23  appealability (COA).

24

25

REPORT AND RECOMMENDATION - 1

1

BACKGROUND

2       Petitioner challenges his April 12, 2013, conviction and sentence for Robbery in

3  the First Degree, Assault in the Second Degree, and Possession of a Controlled

4  Substance with Intent to Deliver. Dkt. 5. Petitioner indicates he appealed his state court

5  conviction and sentence on different grounds than those raised in the instant petition[1]

6  and that the Washington Court of Appeals affirmed his conviction and sentence in part

7  and reversed in part.[2] Dkt. 5, at 1-5. He indicates he did not appeal further to the

8  Washington Supreme Court. *Id.* It appears petitioner was re-sentenced in Clark County

9  Superior Court on April 27, 2015, and that petitioner filed another appeal on May 6,

10  2015. However, review of the appeal was terminated on July 13, 2016; the Court of

11  Appeals mandate issued on January 5, 2017.[3]

12       In his petition, petitioner contends his federal constitutional rights were violated

13  under the Fifth and Thirteenth Amendment because he was not charged by Grand Jury

14  Indictment. Dkt. 5, at 5-12. Petitioner indicates that he has not raised the grounds for

15  relief raised in the instant petition in state court either on direct appeal or on a petition

16

17

18

---

[1] Petitioner indicates that on direct appeal he raised the issues of "double jeopardy, miscalculation of points at sentencing, improper jury instruction, ineffective assistance of counsel, overly broad search warrant, and violation of constitutional rights to properly defend myself." Dkt. 5, at 2.

19

20

21

[2] The Court takes judicial notice of the Washington Court of Appeals decision *State v. Murphy*, 185 Wash.App. 1043 (2015) (unpublished) which affirmed petitioner's first degree robbery conviction but vacated his sentence for that crime and further vacated his second degree assault conviction with associated firearm sentencing enhancement, and vacated his conviction for possession of marijuana with intent to deliver and the associated school bus route stop sentencing enhancement. *see Burbank–Glendale–Pasadena Airport Auth. v. City of Burbank*, 136 F.3d 1360, 1364 (9th Cir. 1998) (court may take judicial notice of court filings and other matters of public record, as such documents "are not subject to reasonable dispute").

22

23

24

[3] The Court takes judicial notice of Clark County Superior Court case *State v. Murphy*, Case No. 12-1-01393-4, *located at* https://odysseyportal.courts.wa.gov/ODYPORTAL/Home/WorkspaceMode?p=0 (last accessed Oct. 28, 2019), the Washington Court of Appeals Cases *State v. Murphy*, Case Nos. 447631-1-II and 475618-8-II located at https://dw.courts.wa.gov (last accessed Oct. 28, 2019).

25

REPORT AND RECOMMENDATION - 2

1   for collateral relief. He indicates he does not intend to bring his claims to the state

2   courts, asserting that the state courts lack jurisdiction over issues that are raised under

3   the United States Constitution.[4] Dkt. 5, at 5-12.  However, the exhaustion of state court

4   remedies is a prerequisite to granting a petition for writ of habeas corpus. *See* 28 U.S.C.

5   § 2254(b)(1).

6        By order dated October 29, 2019, petitioner was given an opportunity to show

7   cause why his petition should not be dismissed for failure to exhaust his state judicial

8   remedies. *See* Dkt. 8. Petitioner was advised that a state prisoner is required to exhaust

9   all state court remedies, by fairly presenting claims of violation of federal rights before the

10   state courts, before seeking a writ of habeas corpus. *Id.*; 28 U.S.C. § 2254(b)(1).

11   Petitioner was advised that to properly exhaust his federal claims, he must finish "one

12   complete round of the State's established appellate review process," up to the highest

13   state court with powers of discretionary review. *Id.*; *O'Sullivan v. Boerckel*, 526 U.S. 838,

14   845 (1999). Petitioner failed to respond to the Court's order and the petition should be

15   dismissed without prejudice for this reason alone. And for the reasons discussed below,

16   the petition should also be dismissed for failure to exhaust state court remedies.

17

18

19

20

21

_____

22   [4] The Court notes that in the box labeled item 13(a) of the petition the petitioner checked "yes" in
response to the question of whether all grounds for relief raised in the petition have been presented to the
highest state court having jurisdiction. Dkt. 5, at 12. The Court interprets this as a typographical or
23   scrivenor's error, because petitioner makes clear in his explanation to the question that "**no grounds
herein have been raised at the state level**, as the state has no jurisdictional authority over federal
24   constitutional matters." *Id.* (emphasis added).

25

REPORT AND RECOMMENDATION - 3

1

## DISCUSSION

2
**A.        Habeas Corpus Petition – Failure to Exhaust State Court Remedies**

3
Under Rule 4 of the rules governing § 2254 petitions, the Court must promptly

4
examine a habeas petition when it is filed, and if it plainly appears from the petition and

5
its attachments the petitioner is not entitled to relief, the Court must dismiss the petition.

6
The Court concludes that petitioner's federal habeas petition should be

7
dismissed without prejudice for failure to exhaust state court remedies. Petitioner plainly

8
acknowledges he has not presented the claims raised in his petition to the highest state

9
court and, as such, his petition is not eligible for federal habeas review. Dkt. 5, at 1-12.

10
Exhaustion of state court remedies is a prerequisite to granting a petition for writ of

11
habeas corpus. *See* 28 U.S.C. § 2254(b)(1).[5] Petitioner indicates that he does not

12
intend to bring his claims to the state courts—state courts would never have the

13
opportunity to consider the habeas claims raised in his federal petition—asserting that

14
the state courts lack jurisdiction over issues that are raised under the United States

15
Constitution. Dkt. 5, at 5-12.

16
A state prisoner is required to exhaust all state court remedies, by fairly presenting

17
claims of violation of federal rights before the state courts, before seeking a writ of federal

18
habeas corpus. 28 U.S.C. § 2254(b)(1). The exhaustion requirement is a matter of comity,

19
intended to afford the state courts the "initial opportunity to pass upon and correct alleged

20
violations of its prisoners' *federal* rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971)

21

22

23
[5] 28 U.S.C. §2254 (b)(1) provides, in relevant part: "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that-- (A) the applicant has exhausted the remedies available in the courts of the State[.]"

24

25

REPORT AND RECOMMENDATION - 4

1    (emphasis added). This is appropriate, because "state courts, like federal courts, are

2    obliged to enforce federal law." *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999). To

3    properly exhaust their federal claims, a would-be habeas petitioner must finish "one

4    complete round of the State's established appellate review process," up to the highest

5    state court with powers of discretionary review. *Id.*, at 845.

6         A federal court must dismiss a federal habeas corpus petition if its claims are

7    unexhausted. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). This Court has the *sua*

8    *sponte* authority to examine the question of exhaustion at this stage of review. *Campbell*

9    *v. Crist*, 647 F.2d 956, 957 (9th Cir. 1981) ("This court may consider whether state

10   remedies have been exhausted even if the state does not raise the issue").

11        Petitioner must raise the grounds for relief contained in his habeas petition to the

12   Washington Court of Appeals and Washington Supreme Court. Petitioner contends he

13   has not presented his grounds for relief to the state courts because the state courts lack

14   the "jurisdictional authority to decide on United States Constitution matters, which are

15   outside of its jurisdictional or statutory governing limits." Dkt. 5, at 5-12. This argument

16   fails because 28 U.S.C. § 2254(d)(1) recognizes the jurisdiction of state courts to

17   adjudicate whether the federal constitutional rights of a state criminal defendant were

18   violated. Federal habeas relief is available to address where the state court's

19   adjudication was "contrary to, or an unreasonable application of, clearly established

20   federal law, as determined by the Supreme Court of the United States." 28 U.S.C. §

21   2254(d)(1). As the petition plainly states, petitioner has not properly exhausted his

22   claims for relief in the state courts.

23

24

25

REPORT AND RECOMMENDATION - 5

1        Petitioner plainly acknowledges he has not presented the claims raised in his

2  petition to the highest state court and presents no colorable claim that an exception to

3  the exhaustion requirement applies in his case. Accordingly, petitioner is not eligible for

4  federal habeas review.[6] [7] Dkt. 5, at 1-12; *see Ha Van Nguyen v. Curry*, 736 F.3d 1287,

5  1296 (9th Cir. 2013) (citing *King v. Ryan,* 564 F.3d 1133, 1142 (9th Cir. 2009)) ("To be

6  properly filed, a claim must have been exhausted *at the time of filing.*") (emphasis

7  added).

---

[6] The Court notes that several similar petitions by different petitioners presenting the same grounds for relief and offering the same explanation for failure to exhaust state judicial remedies have been considered and dismissed by this court prior to service, pursuant to Rule 4, based on petitioner's failure to exhaust state judicial remedies. *See, e.g., Duchow v. State of Washington*, Case No. 19-cv-687-RSL-MAT (W.D. Wash., June 14, 2019) (dismissal without prejudice for failure to exhaust state court remedies); *Wamba v. State of Washington*, Case No. 19-cv-661-TSZ-MAT (W.D. Wash., June 13, 2019) (dismissal without prejudice for failure to exhaust state court remedies); *Domingo v. State of Washington*, Case No. 19-cv-659-MJP-BAT (W.D. Wash., June 18, 2019) (dismissal for failure to exhaust state court remedies and because grounds raised in petition are without merit); *Nguyen v. State of Washington*, Case No. 19-cv-5388-JCC-BAT (W.D. Wash., July 9, 2019) (dismissal for failure to exhaust state court remedies and because grounds raised in petition are without merit); *Urbina v. State of Washington*, Case No. 19-cv-648-BJR-BAT (W.D. Wash., May 21, 2019) (dismissal for failure to exhaust state court remedies and because grounds raised in petition are without merit).

[7] The Court also notes that it appears that petitioner's substantive constitutional claims also lacks merit as it has long been settled that there is no denial of Federal Constitutional rights involved in the substitution of the prosecuting attorney's criminal information for the grand jury's indictment. *Hurtado v. People of State of California*, 110 U.S. 516 (1884) (Rejecting claim that grand jury indictment is essential to due process and that it is a violation of the Fourteenth Amendment for a state to prosecute a defendant by criminal information). This rule has been specifically applied to Washington's state practice of prosecution by information. *Gaines v. Washington,* 277 U.S. 81, 48 S.Ct. 468, 72 L.Ed. 793 (1928); *Jeffries v. Blodgett*, 5 F.3d 1180, 1188 (9th Cir. 1993); *and see Domingo*, Case No. 19-cv-659-MJP-BAT (W.D. Wash., June 18, 2019) (dismissal for failure to exhaust state court remedies and because grounds raised in petition are without merit); *Nguyen*, Case No. 19-cv-5388-JCC-BAT (W.D. Wash., July 9, 2019) (dismissal for failure to exhaust state court remedies and because grounds raised in petition are without merit); *Urbina*, Case No. 19-cv-648-BJR-BAT (W.D. Wash., May 21, 2019) (dismissal for failure to exhaust state court remedies and because grounds raised in petition are without merit). However, the Court need not reach the merits of petitioner's claims as it is clear from the face of the petition that he has failed to exhaust his state court remedies.

REPORT AND RECOMMENDATION - 6

1

CONCLUSION AND DEADLINE FOR OBJECTIONS

2      For the foregoing reasons, this Court recommends that petitioner's federal

3    habeas corpus petition (Dkt. 5), and this action, be **dismissed without prejudice for**

4    **failure to respond to a Court order and for failure to exhaust state court remedies.**

5      A petitioner seeking post-conviction relief under § 2254 may appeal a district

6    court's dismissal of his federal habeas petition only after obtaining a certificate of

7    appealability from a district or circuit judge. A certificate of appealability may issue only

8    where a petitioner has made "a substantial showing of the denial of a constitutional right."

9    *See* 28 U.S.C. § 2253(c)(3).  A petitioner satisfies this standard "by demonstrating that

10   jurists of reason could disagree with the district court's resolution of his constitutional

11   claims or that jurists could conclude the issues presented are adequate to deserve

12   encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

13   Under the above standard, this Court should **deny a certificate of appealability.** A

14   proposed order accompanies this Report and Recommendation.

15      Objections to this Report and Recommendation, if any, should be filed with the

16   Clerk and served upon all parties to this suit within **fourteen (14) days** of the date on

17   which this Report and Recommendation is signed. Failure to file objections within the

18   specified time may affect your right to appeal. *Thomas v. Arn*, 474 U.S. 140 (1985).

19

20

21

22

23

24

25

REPORT AND RECOMMENDATION - 7

1    Objections should be noted for consideration on the District Judge's motions

2  calendar for the third Friday after they are filed. Responses to objections may be filed

3  within **fourteen (14) days** after service of objections. If no timely objections are filed, the

4  matter will be ready for consideration by the District Judge on **February 7, 2020**.

5    Dated this 23rd day of January, 2020.

6

7                                       *Theresa L. Fricke*
                                         _____
                                         Theresa L. Fricke
8                                        United States Magistrate Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

REPORT AND RECOMMENDATION - 8